UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ANTHONY PRISCO, JR.,

    Plaintiff,

v.                                            Case No. 8:22-cv-817-KKM-AEP

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Defendant's Unopposed Motion for Entry of Judgment with Remand (Doc. 20). Defendant contends that remand is appropriate for the following reason:

> On remand, the Appeals Council will remand the case to a different Administrative Law Judge (ALJ) to: (1) offer Plaintiff the opportunity for a hearing; (2) obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base; (3) before relying on the vocational expert evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles; (4) take any further action needed to complete the administrative record; and (5) issue a new decision.

Plaintiff does not object to the relief requested.

When reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Commissioner of

Social Security are set forth in sentence four and sentence six of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Under sentence four, district courts may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Accordingly, for the reasons stated in Defendant's motion, it is hereby

RECOMMENDED:

1. Defendant's Unopposed Motion for Entry of Judgment with Remand (Doc. 20) be GRANTED.

2. The Clerk be directed to enter judgment for Plaintiff with instructions that the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED for further administrative proceedings consistent with the reasons stated in the Commissioner's motion.

3. The Clerk then be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, this 26th day of October, 2022.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Kathryn Kimball Mizelle
      Counsel of Record